UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20717-CR-HUCK/MCALILEY

UNITED STATES OF AMERICA,

vs.

ABBIGAIL A. LEDESMA,

      Defendant.
_____/

## FACTUAL PROFFER

      The United States of America and Abbigail A. Ledesma (the "Defendant") agree that had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

      From on or about January 27, 2019 through on or about October 4, 2019, the Defendant and her co-defendant, Phillip A. Kalu, conspired to commit access device fraud by obtaining credit card account numbers belonging to unwitting victims, and then using these credit card account numbers to make unauthorized purchases.  For example, on or about July 13, 2019, the Defendant and her co-defendant Kalu used a J.P. Morgan Chase credit card ending in 4277 in the name of M.M.P. to make two unauthorized purchases totaling $422.98 at a Wal-Mart store in Miami, Florida.  M.M.P. did not know the Defendant or co-defendant Kalu, and did not authorize the Defendant or co-defendant Kalu to possess and use M.M.P.'s credit card account information.  The Defendant and co-defendant Kalu's intent by possessing M.M.P.'s credit card account information was to commit fraud.

      On or about October 4, 2019, law enforcement executed a search warrant at the residence in Miami, Florida where the Defendant lived with co-defendant Kalu.  At the residence, and on the Defendant's and on co-defendant Kalu's cell phones, law enforcement found approximately 93

unique access devices, which consisted of credit card numbers belonging to other individuals as well as personally identifiable information (PII) (names, social security numbers, and dates of birth) belonging to other individuals.

The Defendant knew that the access devices and PII that were found in her residence, and which she possessed, were unauthorized. The Defendant's intent by possessing these access devices and PII was to commit fraud. Specifically, the Defendant intended to use, and did in fact use, the credit card information found in her residence to make unauthorized purchases. Further, the Defendant intended to use the PII belonging to other individuals to obtain credit cards in their names without their knowledge and permission. Given that the financial institutions that were victims of the Defendant's fraud have servers outside of the state of Florida, the Defendant's conduct affected interstate commerce. As a result of the Defendant's fraud, JP Morgan Chase lost approximately $37,249.74.

The United States and the Defendant agree that these facts, which do not include all of the facts known to the Government and to the Defendant, are sufficient to prove the Defendant's guilt as to Count 1 and Count 3 of the Indictment.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 2-28-20   By: _____
YISEL VALDES
ASSISTANT UNITED STATES ATTORNEY

Date: 2-28-20   By: _____
HOWARD SCHUMACHER
COUNSEL FOR DEFENDANT

Date: 2-28-2020   By: _____
ABBIGAIL A. LEDESMA
DEFENDANT

2